DAVID A. HUBBERT
Acting Assistant Attorney General

GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| JAHEIM HOAGLAND, | ) Case No. 3:21-cv-2019<br>) |
| Defendant. | )<br>) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR
<u>DEFAULT JUDGMENT AGAINST JAHEIM HOAGLAND</u>**

The United States filed this case to collect the income tax liabilities assessed against defendant Jaheim Hoagland ("Hoagland"). Despite having been properly served with the Complaint and Summons, Hoagland has not answered or otherwise defended this action. The Clerk of Court entered default against him on August 25, 2021. Because the well-pleaded facts prove Hoagland's liability, default judgment should be entered against him under Fed. R. Civ. P. 55(b)(2).

**Background**

The United States filed this action on February 5, 2021.  (Compl.).  The United States seeks judgment against Hoagland for income tax liabilities for the 2008 tax year.  (*Id*.).

Hoagland was served by publication per this Court's order.  (Doc. 4-5).  He failed to answer or otherwise respond to the Complaint, and, accordingly, the Clerk of Court entered default against him on August 25, 2021.

**Argument**

**I.     Default Judgment Should be Entered Against Jaheim Hoagland.**

Under Rule 55(b)(2), a court can enter a default judgment against a party who failed to file an answer or otherwise defend against a complaint.  Fed. R. Civ. P. 55(b)(2).  To obtain default judgment, the plaintiff must have properly served the defendant with the summons and complaint, and the defendant must have failed to answer or otherwise timely respond to the complaint.  Fed. R. Civ. P. 55(b)(2); *see also Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d  528, 532 (D.N.J. 2019); *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137 JBS KMW, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012).

Here, Hoagland was served by publication per this Court's order.  (Doc. 4-5).  Since then, Hoagland has failed to answer or otherwise respond to the Complaint.  As such, the prerequisites to filing a default judgment are met.

After the prerequisites have been satisfied, a court must evaluate the following factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  *United States v. Thompson*, No. 16-0857 KM, 2017 WL 3634096, at *2 (D.N.J. July 20, 2017) (internal quotations and citations omitted); *see also Maersk Line*, 427 F. Supp. 3d at 533; *Teamsters*

*Health & Welfare Fund*, 2012 WL 3018062, at *4. Here, these three factors weigh heavily in favor of entering default judgment against Hoagland.

First, Hoagland has not raised any defenses to the imposition of liability in this action. There is nothing in the record to reflect that Hoagland has a litigable defense. *See Teamsters Health & Welfare Fund*, 2012 WL 3018062, at *4 (finding that defendant had no meritorious defense where defendant did not respond and there were no defenses reflected in the record).

Second, the United States has suffered prejudice as it has been "prevented from prosecuting its case, engaging in discovery, and seeking relief in the normal fashion." *Thompson*, 2017 WL 3634096, at * 2; *see also Teamsters Health & Welfare Fund*, 2012 WL 3018062, at *4 (holding that a defendant's failure to answer prejudices the plaintiff). Furthermore, if the Motion for Default Judgment is denied, the United States will suffer prejudice due to Hoagland's failure to pay the unpaid assessment and statutory additions.

Third, Hoagland's delay is the result of "culpable conduct" because he has failed to respond to the Complaint despite being served. *Slover v. Live Universe, Inc.*, No. 08-02645 GEB, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond."); *see also Maersk Line*, 427 F. Supp. 3d at 537 (finding that the defendants' delay was the result of culpable conduct where they failed to respond or appear after being properly served).

Because all the factors weigh in favor of the United States, default judgment should be entered against Jaheim Hoagland as set forth below.

If a party fails to defend an action, the party is in default, and "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v.*

*Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).  Once default is properly entered, the entry of default judgment is within the discretion of the Court.  *Maersk Line*, 427 F. Supp. 3d at 532 (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).  Default judgment is appropriate where the uncontroverted facts state a legitimate cause of action.  *E.A. Sween Co., Inc. v. Deli Exp. Of Tenafly, LLC*, 19 F. Supp. 3d 560, 566-567 (D.N.J. 2014) (internal quotation omitted).

    II.    **Default Judgment should be entered for the United States and against defendant Jaheim Hoagland for income tax liabilities.**

On the date and in the amount indicated below, the Commissioner of Internal Revenue assessed income tax liabilities against Hoagland for the 2008 tax year.  Compl. ¶ 5; Decl. of IRS Revenue Officer Stacie Brady ¶ 6; *Exhibit A - 2008 Income Tax Account Transcript*.

| Tax Period Ending | Date of Assessment | Amount Assessed | Amount owed as of September 13, 2021 |
|---|---|---|---|
| 12/31/2008 | 03/07/2011 | $152,908 | $243,906.10 |

This assessment is entitled to a presumption of correctness, which Hoagland has not rebutted.  *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) (citing, *inter alia*, *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971)); *United States v. Taylor*, 757 F. App'x 194, 196 (3d Cir. 2018).  The burden then shifts to the taxpayer to overcome this presumption by providing credible evidence to show the assessment is erroneous and evidence to demonstrate the correct amount of tax liability.  *United States v. Janis*, 428 U.S. 433, 440-41 (1976).

A delegate of the Secretary of the Treasury assessed federal income tax liabilities against Hoagland for the 2008 tax year, and the United States submitted a presumptively correct transcript for that year.  Decl. IRS Revenue Officer of Stacie Brady at ¶¶ 6-7; *Exhibit A - 2008 Income Tax Account Transcript*.  Thus, the assessment made against Hoagland is presumptively valid.  *Fior D'Italia, Inc.*, 536 U.S. at 242; *Psaty*, 442 F.2d at 1160; *Taylor*, 757 F. App'x at 196.

Hoagland has not participated in this action and has therefore not met his burden to rebut that presumption of correctness. *Janis*, 428 U.S. at 440-41. Defendant Hoagland is indebted to the United States for the tax assessment made against him for the 2008 tax year, in the amount of $243,906.10, as of September 13, 2021. Decl. IRS Revenue Officer of Stacie Brady at ¶¶ 6-7; *Exhibit A, 2008 Income Tax Account Transcript*.

Accordingly, the Court should enter default judgment for the United States and against Jaheim Hoagland in the amount of $243,906.10, as of September 13, 2021, plus further accruals of interest and statutory additions, according to law.

## Conclusion

For the foregoing reasons, the United States' motion for default judgment should be granted.

Dated: October 13, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States*